IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JASON D. DAVIES,                          Civ. No. 09-6137-AA
                                          OPINION AND ORDER
        Plaintiff,

    v.

LANE COUNTY, political
subdivision of the
State of Oregon,
CHRISTOPHER BROSEMER and
SUSAN MCFARLAND,

        Defendants.

———————————————————————

Joseph M. Connelly
Rosta & Connelly, P.C.
1361 Pearl Street
Eugene, OR 97401
    Attorney for plaintiff

Pierre L. Robert
Assistant County Counsel
Lane County Office of Legal Counsel
125 E. Eighth Street
Eugene, OR 97401
    Attorney for defendants

1    - OPINION AND ORDER

AIKEN, Chief Judge:

On May 15, 2009, plaintiff Jason Davies filed a complaint against defendants Lane County, Christopher Brosemer, and Susan McFarland requesting monetary damages and injunctive relief for civil rights violations under 42 U.S.C. § 1983. Plaintiff claims that Lane County Parole and Probation, probation office Brosemer, and post-prison supervision officer McFarland acted with deliberate indifference to plaintiff's first amendment rights by requiring that he live at the Eugene Mission as a condition of his parole.

Defendants contend plaintiff failed to join an indispensable party, the State of Oregon, and move for its joinder pursuant to Fed. R. Civ. P. 19. Assuming the State will not consent to suit, defendants also move for dismissal. Plaintiff argues the State is not a necessary party, and this action can be justly adjudicated in its absence.

BACKGROUND

The following facts are taken from the complaint and, where relevant, from the parties' briefing.

On September 7, 2005, plaintiff was convicted of several criminal charges and sentenced to prison. Prior to plaintiff's 2006 release from prison, the Oregon State Board of Parole and Post-Prison Supervision (Board) asked plaintiff to provide a post-prison address. Plaintiff was unable to furnish an address. The Board's housing requirements and plaintiff's limited financial

2    - OPINION AND ORDER

means restricted plaintiff's housing options.  The only free, Board-approved accommodation available to plaintiff in Lane County was the Eugene Mission (Mission).  The Mission, a religious residence, requires boarders to attend daily gospel service.  Since his release from prison, plaintiff has refused to live at the Mission.

Plaintiff was released from prison October 17, 2006.  Two days later plaintiff's probation officer Brosemer learned that plaintiff was not at the Mission, in violation of his predetermined prison release condition to live in Board-approved housing.  The Board issued a warrant for plaintiff's arrest.  Once arrested, plaintiff was sentenced to thirty days in jail, a sanction authorized by the Board, for violating his release terms.  After thirty days in jail, plaintiff was released, again refused to reside at the Mission, was arrested, and sanctioned to forty-five days jail.  This pattern repeated five times between December 2006 and March 2008.  During that time plaintiff was sentenced to 319 days in jail.  As a result, plaintiff claims he lost employment opportunities and was unable to visit his daughter.

Plaintiff further maintains he is not of the Christian faith, and living at the Mission would impermissibly restrict his religious freedom.  Plaintiff claims his post-prison supervisor McFarland denied both his request for a different probation officer and his request to not live at the Mission.  Defendants contend the

3    - OPINION AND ORDER

Mission was established as plaintiff's residence by default, because plaintiff failed to provide the Board with an acceptable housing alternative. In the absence of appropriate housing alternatives offered by plaintiff, defendants claim they were merely complying with the Board's requirements in enforcing the Mission as plaintiff's residence. Defendants claim each time plaintiff refused to live at the Mission, it was the Board that issued the warrants for plaintiff's arrest, formally accused plaintiff of violating the terms of his release, and sanctioned plaintiff with jail time. Defendants concede they recommended sanctions to the Board, but maintain that only the Board had authority to impose the sanctions. Defendants thus contend this action cannot proceed in the State's absence.

The Board has not moved to intervene or claim an interest in this action. Defendants requested the Board's assurance that it would not consent to joinder if found to be an indispensable party. The Board refused defendant's request, and stated it would neither assert immunity nor consent to suit until it or Board members were named as defendants.

Defendants move to join the State under Rule 19, and seek dismissal if joinder is not feasible given the State's Eleventh Amendment immunity from suit in federal court.

<u>DISCUSSION</u>

Defendants move to join the State of Oregon, i.e. the Board,

4    - OPINION AND ORDER

claiming the Board is an indispensable party to this action. Plaintiff opposes the motion, and maintains that complete relief is available in the Board's absence.

Whether a party is indispensable to an action involves "three successive inquiries." E.E.O.C. v. Peabody W. Coal Co., 400 F.3d 774, 779 (9th Cir. 2005). First, the court determines whether the absent party is "required," for example, whether in that party's "absence, the court cannot accord complete relief among existing parties," or whether the party "claims a interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may ... as a practical matter impair or impede the person's ability to protect the interest." Fed. R. Civ. P. 19(a)(1)(B). Second, the court determines the feasibility of joinder. Finally, if the absent party is required and cannot feasibly be joined, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).

In determining whether the Board is a "required" or necessary party, the Board must be "subject to service of process" and joining the Board must "not deprive the court of subject-matter jurisdiction." Fed. R. Civ. P. 19(a)(1). The parties agree the Board satisfies these first two prongs. The next step in the analysis is whether the court can provide plaintiff complete relief in the Board's absence, or whether resolving the action without the

5    - OPINION AND ORDER

Board precludes it from protecting its interest in the action or "leave[s] an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a)(1)(A)-(B).

Defendants argue that complete relief is unavailable without joining the Board, because the Board imposed plaintiff's housing requirement. Defendants also maintain that they risk inconsistent obligations should this action continue without the Board. Plaintiff counters that the Board is merely a joint tortfeasor in this action, and its presence is not required. See Temple v. Synthes Corp., 498 U.S. 5, 7 (1990). Plaintiff maintains defendants could present evidence at trial of the Board's responsibility, and a jury would be able to apportion damages accordingly. Plaintiff also notes that defendants have not attempted to include the Board as a third party defendant.

As a practical matter, I find the Board is a required party to this action because complete relief cannot be granted without its authorization. Plaintiff seeks damages and an injunction precluding defendants from enforcing the post-prison release term that requires plaintiff to reside at Board-approved housing. However, terms and conditions of post prison release are set by the Board, not the named defendants. Or. Rev. Stat. § 144.096. Although defendants enforce the terms, plaintiff has not shown that defendants have the authority to change plaintiff's residence

6   - OPINION AND ORDER

requirements.[1]   Plaintiff is required to live at the Mission because it is the only free residence in Lane County that satisfies the Board's requirements.   If plaintiff offered an appropriate alternative, Or. Rev. Stat. § 144.102(2) grants Lane County Probation Services authority to modify a term of plaintiff's post-prison release.   Plaintiff, however, has not offered a feasible alternative, and the Mission remains the only Lane County housing option that meets his post-prison release requirements imposed by the Board.   Plaintiff also has not offered evidence suggesting the injunction he seeks can be remedied by Lane County Probation Services, Brosemer, or McFarland.

Plaintiff's reliance on the Findings and Recommendations of Judge Stewart is not dispositive.   See Hurley v. Horizon Project et. al., No. 08-1365-ST, 2009 WL 5511205, at *10 (D. Or. Dec. 3, 2009).   There, the plaintiff alleged injury under both federal and state claims, seeking monetary damages from a county group home

---

[1] Or. Rev. Stat. § 144.101(1) specifies that the State Parole Board has jurisdiction over the release of all felons who serve over twelve months in prison.  Or. Rev. Stat. § 144.101(2) grants jurisdiction to local supervisory authority for released inmates sentenced to a prison term of twelve months or less.   Local supervisory offices also have authority to adjust a parolee's level of supervision and recommend revisions of the post-prison terms and conditions to the State Parole Board.  Or. Rev. Stat. § 144.104. Neither party has specified the length of plaintiff's prison term, though thirteen months elapsed between his conviction and release from prison. However, whether plaintiff is under the post-prison jurisdiction of the Board or a local supervisory authority, the Board retains ultimate jurisdiction over the "imposition of conditions of parole and sanctioning for violations of those conditions."  Or. Rev. Stat. § 144.101(4).

7   - OPINION AND ORDER

where the mentally-handicapped plaintiff lived.  Id. at *1.  Under those facts, Judge Stewart found that complete relief was available to the plaintiff without joining the State, and denied the county's third party complaints.  Id.    Judge Stewart found the State's presence unnecessary to determine the plaintiff's damages against the existing county defendants.  Id. at 8.  Here, the facts are different.  Plaintiff seeks damages and an injunction from County defendants for following the Board's housing requirements.  On these facts, the existing defendants cannot accord plaintiff complete relief in the Board's absence.

The next inquiry is whether it is feasible to join the Board as a party.  If the Board is a required party, the Eleventh Amendment to the U.S. Constitution grants it, as an arm of the State, sovereign immunity from suit in federal court.  U.S. Const. amend. XI.  Absent unequivocal waiver of this immunity and affirmative consent to suit, the Board cannot be joined as a party. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99-101 (1984).  Because the Board has not consented to suit and joinder may not be feasible, I now turn to whether the Board is an indispensable party.

In determining whether a party is indispensable, the court must consider: 1) prejudice to the parties, including the absent party; 2) whether relief could be tailored to lessen the prejudice; 3) whether an adequate remedy exists without the absent party; and 4) the availability of an alternative forum.  Kescoli v. Babbitt,

8    - OPINION AND ORDER

101 F.3d 1304, 1310-11 (9th Cir. 1996); Fed. R. Civ. P. 19(b).

Here, the Board's absence prejudices the plaintiff because complete relief requires the Board's involvement. A jury would have difficulty apportioning damages against existing defendants because Lane County Probation Services works under the authority of the Board. Further, plaintiff has not shown that existing defendants can comply with plaintiff's requested injunctive relief. Finally, plaintiff can seek relief in an alternative forum. The Eleventh Amendment does not bar the Board from suit in state courts. Accordingly, I find that the Board is an indispensable party, and a just adjudication is not possible in its absence, should the Board assert immunity.

### CONCLUSION

Plaintiff has failed to show that complete relief can be accorded without joining the State of Oregon in this action. The Board is an indispensable party, and adequate relief cannot be granted in the Board's absence. Nonetheless, given that the State has neither consented to suit nor opposed joinder, I decline to dismiss at this time. Therefore, defendants' joint motion to join a required party (doc. 7) is GRANTED.

IT IS SO ORDERED.

Dated this _12th_ day of March, 2010.

_Ann Aiken_

Ann Aiken
Chief United States District Judge

9    - OPINION AND ORDER