IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JASON D. DAVIES,

        Plaintiff,

    v.

LANE COUNTY, political
subdivision of the State
of Oregon, et al.,

        Defendants.

Civ. No. 09-6137-AA
OPINION AND ORDER

---

AIKEN, Chief Judge:

    Plaintiff filed suit under 42 U.S.C. § 1983 alleging that defendants violated his First and Fourteenth amendment rights by requiring that he live at the Eugene Mission as a condition of his supervision. After the Lane County defendants presented evidence that the Oregon State Board of Parole and Post-Prison Supervision (the Board) imposed certain housing requirements, issued the warrants for plaintiff's arrest, determined that plaintiff violated

1   -- OPINION AND ORDER

the terms of his supervision, and sanctioned plaintiff with jail time, the court granted the Lane County defendants' motion to join the Board as an indispensable party.[1]  Fed. R. Civ. P. 19.

Plaintiff joined the Board as a defendant, and the Board subsequently moved for dismissal based on Eleventh Amendment and absolute and quasi-judicial immunity.  The motion was unopposed and granted.  Now that the Board has been dismissed, the Lane County defendants move for dismissal based on the court's previous ruling that the Board is an indispensable party.

Plaintiff opposes the motion and seeks partial summary judgment in his favor.  Without formally moving for reconsideration of the court's previous order, plaintiff argues that the Lane County defendants required plaintiff to reside at the Eugene Mission if he was unable to obtain other housing that met his supervision conditions, and those defendants are therefore liable.  However, plaintiff does not rebut that the Board is the entity which issued the warrants for plaintiff's arrest, determined that he violated his conditions, and issued sanctions.  See Def.'s Mem. in Supp. of Mot. to Join a Required Party, Exs. A-F.  Therefore, as found previously, the Board is an indispensable party.

///

///

---

[1] Because the Board had not appeared in this action or asserted immunity under the Eleventh Amendment, the court declined to dismiss plaintiff's claims outright.

2    - OPINION AND ORDER

CONCLUSION

Defendants' motion to dismiss (doc. 22) is GRANTED, and plaintiff's Motion for Partial Summary Judgment (doc. 24) is DENIED as moot.

IT IS SO ORDERED.

Dated this 26 day of October, 2010.

_____
Ann Aiken
United States District Judge

3    - OPINION AND ORDER